**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALONZO BEEPOT and JOANNE
BEEPOT,

        Plaintiffs,

vs.                             Case No. 3:10-cv-423-J-34TEM

J.P. MORGAN CHASE NATIONAL
CORPORATE SERVICES, INC.,

        Defendant.

_____

## ORDER

      This case involves a loan which is presently the subject of a foreclosure action

between the same parties in state court. After the commencement of the foreclosure action,

the homeowners, Plaintiffs Alonzo and Joanne Beepot ("The Beepots" or "Plaintiffs"), brought

this action alleging a series of federal statutory and common law claims against Defendant

J.P. Morgan Chase National Corporate Services, Inc., ("Chase") in connection with that loan.

(Doc. 6; Amended Complaint). The case is before the Court on J.P. Morgan Chase National

Corporate Services, Inc.'s Motion to Dismiss, or in the Alternative, Motion for a More Definite

Statement and Memorandum of Law (Doc. 11; Defendant's First Motion to Dismiss), and J.P.

Morgan Chase National Corporate Services, Inc.'s Motion to Supplement to and/or Motion

to Amend Defendant's Motion to Dismiss, and Supporting Memorandum of Law (Doc. 13;

Defendant's Supplemental Motion to Dismiss). Also filed in connection with Chase's Motions

to Dismiss are Plaintiff's [sic] Motion in Opposition to Defendant J.P. Morgan Chase National

Corporate Services, Inc., Motion to Dismiss, or in the Alternative, Motion for a More Definite

Statement and Memorandum of Law (Doc. 12; Plaintiffs' Response to First Motion to Dismiss); Plaintiffs' Motion in Opposition to Defendant's Motion to Supplement to and/or Motion to Amend Defendants [sic] Motion to Dismiss, and Supporting Memorandum of Law (Doc. 14; Plaintiffs' First Response to Supplemental Motion to Dismiss); and Plaintiffs' Motion in Opposition to Defendant's Motion to Supplement to and/or Motion to Amend Defendants [sic] Motion to Dismiss, and Supporting Memorandum of Law. (Doc. 24; Plaintiffs' Second Response to Supplemental Motion to Dismiss).[1]

Defendant's Motion to Dismiss and Defendant's Supplemental Motion to Dismiss were referred to the Honorable Thomas E. Morris, United States Magistrate Judge, for a Report and Recommendation regarding an appropriate resolution of the motions. (Doc. 20; 4/12/11 Order). On August 3, 2011, the Magistrate Judge entered a Report and Recommendation (Doc. 33; Report), recommending that Defendant's Supplemental Motion to Dismiss be granted without prejudice to the Beepots seeking relief in the pending state foreclosure case and that this case be dismissed, or alternatively, that this case be stayed pending resolution of the state foreclosure case. Report at 22. The Magistrate Judge also recommended that the Defendant's First Motion to Dismiss and the Plaintiff's Motion for Summary Judgment be deemed moot. Thereafter, the Beepots filed Plaintiffs' Objections to Magistrate Judge's Report and Recommendations (Doc. 41; Plaintiffs' Objections), and Chase filed a response. (Doc. 42; Defendant's Response to Plaintiffs' Objections).

---

[1]  Additionally, Plaintiffs filed Plaintiff's [sic] Memorandum of Law Requesting a 56(a) Motion for Summary Judgment. (Doc. 28-11; Plaintiffs' Motion for Summary Judgment). Defendant has submitted a response in opposition to Plaintiffs' Motion for Summary Judgment, (Doc. 36; Defendant's Response to Plaintiffs' Motion for Summary Judgment), as well as an affidavit in opposition to the motion. (Doc. 39; Brooks Affidavit). For the reasons set forth infra, Plaintiffs' Motion for Summary Judgment will be denied without prejudice.

## I.  Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  The district court must review legal conclusions de novo, even in the absence of an objection.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).[2]

## II.  Background[3]

### A.  Procedural Background

The Beepots, commenced this action on May 12, 2010, by filing the initial Complaint.  (Complaint; Doc.1).  The Complaint was stricken sua sponte as an impermissible "shotgun" pleading, and the Court allowed the Beepots to file an amended complaint.  (Doc. 5; 5/20/10 Order).  They did so on June 2, 2010, filing an eight-count Amended Complaint.  In it, the Beepots allege that they are "homeowners in Florida, residing in the home they own at 2420 Daniels Landing Drive, Orange Park, Florida 32003," and that they "purchased" the property

---

[2]  "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3]  The Court sets forth these facts as a supplement to the Report's recitation of the Background and Procedural History, Report at 2-7, to provide context for the Court's analysis of the legal issues raised by the Report and Plaintiffs' objections.

on or about August 17, 2007.  Amended Complaint ¶¶ 9, 10.  They allege that Chase is a "financial institution providing mortgages on real property" and that "[a]t all times relevant . . . Defendant owned, brokered and/or serviced Plaintiffs' mortgage loan." Id. ¶ 2.[4]  The Beepots allege that certain documents were not provided to them by Chase, and that they communicated with Chase on June 29, 2009 "express[ing] their right to a full accounting of the loan and exercis[ing] their right to rescind." Id. ¶¶ 11-13.  Based on these allegations, the Beepots assert the following eight claims: (1) Count I: Violation of Truth in Lending Act ("TILA") (15 U.S.C. § 1601), id. ¶¶ 14-19; (2) Violation of Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. § 2601), id. ¶¶ 20-23; (3) Count III: Violation of the Fair Debt Collection [Practices] Act ("FDCPA") (15 U.S.C. § 1692), id. ¶¶ 24-28; (4) Count IV: Breach of Fiduciary Duty, id. ¶¶ 29-33; (5) Count V: Breach of Contract, Breach of Good Faith Dealings, and Infliction of Injury, id. ¶¶ 34-36; (6) Count VI: Breach of Covenant, id. ¶¶ 37-39; (7) Count VII: Quiet Title (All Known or Unknown and Claiming any Interest in the Property), id. ¶¶ 40-47; (8) Count VIII: Declaratory Relief, id. ¶¶ 48-52.  As relief the Beepots seek actual, compensatory, consequential, statutory and punitive damages; rescission; restitution; interest; an injunction "to maintain the status quo pending adjudication"; and attorney's fees and costs.

The Beepots refer to the pending foreclosure action obliquely in Count VI of the Amended Complaint alleging that "the attempt to foreclose upon property lawfully belonging to Plaintiffs without production of documents demonstrating the lawful rights for said

---

[4] Defendant Chase acquired "certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver," including the subject loan in question in this case.  Brooks Affidavit ¶ 2; Defendant's Supplemental Motion to Dismiss at 1-2; (see also Doc. 11-1; Loan Document).

foreclosure constituted breach of said covenant of good faith and fair dealing." Amended

Complaint ¶ 38. Additionally, the Beepots allege in Count VII that they are entitled to a quiet

title of their property because "Defendant's threats to dispossess Plaintiffs of said real

property, unless and until enjoined or restrained by order of the court, will cause grave and

irreparable injury to Plaintiffs in that they will be deprived of the use and enjoyment of unique

property." Id. ¶ 45. Lastly, in Count VIII the Beepots seek "Declaratory Relief," based on the

following allegations:

> 48.     A dispute has arisen between and among the Plaintiffs
> and the Defendant herein pursuant to 28 U.S.C. § 2201 et seq.,
> with regard to the duties and obligations of the respective parties
> with regard to the mortgage loan transaction and/or foreclosure
> proceedings.
>
> 49.     These disputes concern, but are not necessarily limited to,
> the rights and duties of the parties under the promissory note(s)
> between them, the various statutes at issue in this litigation, the
> ownership to the Property, and/or the right of Defendant to
> foreclose on the Property.
>
> 50.     As these questions concern issues with regard to Plaintiffs
> [sic] Property, they are required to seek this relief.
>
> 51.     Plaintiffs further allege that a declaration of rights and
> duties of the parties herein by the Court is essential to determine
> the actual status and validity of the mortgage loan transaction
> and any rights, duties and/or obligations as to the enforcement
> of it.

Id. ¶¶ 48-51 (emphasis added).

Chase filed its First Motion to Dismiss on September 7, 2010, challenging the merits

of Plaintiffs' claims, and arguing that Counts I, II, III, V, VI, and VIII, of Plaintiffs' Amended

Complaint should be dismissed for failure to state a claim upon which relief can be granted,

pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)). Defendant's First

Motion to Dismiss at 3-13. Additionally, Chase argues that the Beepot's Count I TILA claim is barred by the applicable statute of limitations; that the Count IV Breach of Fiduciary Duty Claim is barred by Florida's economic loss rule; and as to Count VII that Quiet Title is an improper remedy. Id. at 5, 8, 10-11.

The Beepots responded to Chase's arguments on the merits, repeatedly referring to the foreclosure proceeding as being a basis for denying Defendant's First Motion to Dismiss. As to the TILA statute of limitations argument, they argue that "Count I should not be stricken with prejudice because this action relates to a foreclosure and therefor can be raised at any time without regard to the one year statute of limitations." Plaintiff's Response to First Motion to Dismiss at 7. Later, the Beepots contend that "Chase is attempting to foreclose on Plaintiff's Property, which defines Chase as a debt collector" for purposes of the FDCPA claim. Id. at 10; see also id. at 11 ("Chase breached their [sic] fiduciary duty by fraudulently inducing Plaintiff's [sic] to enter into a mortgage transaction"); 12 ("there is a contract between Chase and Plaintiff's [sic] as Plaintiff's [sic] made payment to Chase for their mortgage" and referring to Plaintiffs' breach of contract "damages resulting from Chase's attempt to foreclose on their Property"); 14 (Plaintiffs have adequately alleged "infliction of injury" because "the Defendant's constant attempt to collect on the mortgage was stressful""); and 15 (quiet title is required because a "deed of trust was recorded on the Property that Chase is threatening to foreclose on").

On October 1, 2010, Chase moved to supplement its motion to dismiss, adding as a new basis to dismiss, specifically, the pendency of a state court foreclosure proceeding (the "State Court Foreclosure Proceeding") between the same parties and regarding the same

loan. Defendant's Supplemental Motion to Dismiss. Chase asks the Court to take judicial notice of the State Court Foreclosure Proceeding, id. at 2, and argues that this case should be dismissed because (1) the claims brought by the Beepots here are compulsory counterclaims in that proceeding, and (2) based on "[p]rincipals of comity." Id. at 3-5. In support of its request, Chase filed as exhibits several pleadings from the State Court Foreclosure Proceeding. (Docs. 13-1, 13-2, 13-3). The Magistrate Judge permitted the Supplemental Motion to Dismiss, and gave the Beepots the opportunity to file a response. (Doc. 23; 5/24/11 Clerk's Minutes).

In their Response, the Beepots acknowledge that they were sued in state court by Chase "for failure to make home foreclosure payments," and state that their counterclaims in the state court action "revolved around their obligation to make payments under the mortgage." Plaintiffs' Second Response to Supplemental Motion to Dismiss at 1.[5] However, they argue that their claims in this federal action "are based on the TILA violations, and thus are based on the actual issuance of the mortgage without the required disclosures." Id. at 2. This claim, they assert, "is wholly different than that of the [state] Circuit Court claim." Id. The Beepots also contend that the eight claims brought in this action are not compulsory counterclaims which should be asserted in the state court action because "[a]n action regarding the issuance of the loan is different from an action involving suit for non-payment of the mortgage." Id. They argue:

> The [state] Circuit Court claims by the Beepots relate to their
> obligation under the loan, whereas the claims brought in the

---

[5] Plaintiffs' Second Response to Supplemental Motion to Dismiss repeats and adds to the arguments set forth in Plaintiffs' First Response to Supplemental Motion to Dismiss. Thus, for ease of discussion, the Court will refer only to Plaintiffs' Second Response to Supplemental Motion to Dismiss.

> instant court relate to TILA violations. The operative facts necessary to prove the Beepots' claim are completely distinct from the facts implicated by the Defendant's claim of non-payment of the mortgage. The Defendant's Circuit Court claim against the Beepots is based on the Beepots' duty to pay their mortgage in a timely manner. The Beepots' federal court claim against the Defendant, on the other hand, is based on Defendant's duty to properly disclose certain lending information as required by TILA. . . . [T]he sole relationship between the claims in this case are the loan documents. The disclosures that Defendant failed to provide relate to the issuance of the loan, which is inherently distinct from the obligation to pay the loan.

Id. at 5.

The Magistrate Judge conducted a telephonic hearing on July 20, 2011, and apprised the parties of the possible application of Rule 12(d) which would permit consideration of the pending Motions to Dismiss as a motion for summary judgment, inasmuch as the parties had presented matters outside of the pleadings. (Doc. 27; 7/20/11 Clerk's Minutes). The Court set deadlines for the parties to each submit additional materials, including written argument. Id.

In response, on July 27, 2011, the Beepots filed a Motion for Summary Judgment. For the first time, Plaintiffs contended that the 2007 loan at issue was a loan to refinance their home at 2420 Daniels Landing, Orange Park, Florida. Plaintiffs' Motion for Summary Judgment at 1-2. They argue that they are entitled for summary judgment in their favor because "there are no issues of material fact as the Beepots properly rescinded their loan." Id. at 4. The Beepots also filed unauthenticated documents purporting to relate to their "Notice of Rescission" of the subject loan, signed by the Beepots, dated June 29, 2009, and sent to Chase by certified mail. (Doc. 28-11 at 13-20; Plaintiffs' Exhibit A).

On August 15, 2011, Chase responded to Plaintiffs' Motion for Summary Judgment. Chase argued that the motion should be denied because it is unclear as to which of the Beepot's eight claims the motion addresses, no discovery has been taken in the case, and the motion is not supported by any record evidence. Defendant's Response to Plaintiffs' Motion for Summary Judgment at 1, 3, 5.[6]

## B. The State Circuit Court Foreclosure Proceeding[7]

_____

[6] Chase submitted the affidavit in of Yvonne Brooks, Chase Senior Research Specialist, in opposition to the Plaintiff's Motion for Summary Judgment. (Doc. 39; Brooks Affidavit). Brooks states that the Loan Documents concerning the loan transaction between the Beepots and Chase, reflect that the Beepots "executed a complete closing package" which included the documents that the Beepots allege that they did not receive. Brooks Affidavit ¶ 6. Signed Loan Documents are attached to the Brooks Affidavit.

[7] Chase requests that the Court take judicial notice of Clay County Circuit Court ("State Circuit Court") proceedings JPMorgan Chase Bank National Association v. Beepot, No. 2009-CA-000528, filed in the Circuit Court, Fourth Judicial Circuit, in and for Clay County, Florida, the State Court Foreclosure Proceeding. Defendant's Supplemental Motion to Dismiss at 2 (citing Fed. R. Evid. 201). The Beepots do not object to the Court taking judicial notice of the State Court Foreclosure Proceeding, and indeed, refer to the proceeding throughout their papers.

The Eleventh Circuit has instructed that a district court may consider extrinsic evidence in ruling on a motion to dismiss "if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Amer. Secs., LLC, 600 F.3d 1334 1337 (11th Cir. 2010); see also Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267-68 (11th Cir. 2002). The public records reflecting the State Court Foreclosure Proceeding comply with both of these requirements. Thus, Defendant's Motion to Dismiss and Supplemental Motion to Dismiss need not be converted to a motion for summary judgment. Harper v. Lawrence County, Ala., 592 F.3d 1227, 1232 (11th Cir. 2010); Jones v. Automobile Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531-32 (11th Cir. 1990)
.

Moreover, the documents submitted pertaining to the State Court Foreclosure Proceeding are public records. A court may take judicial notice of and consider documents attached to a motion to dismiss or response, which are public records that are "central" to a plaintiff's claims, without converting the motion to dismiss into a motion for summary judgment. This is so, as long as such documents are "public records that [are] 'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned.'" Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010)(quoting Fed. R. Evid. 201(b)). Moreover, "a court may take notice of another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

Here, the parties do not dispute the fact that the proffered public records are accurate, nor do they appear to dispute that the Court should take judicial notice of the documents. See Fed. R. Evid.

(continued...)

According to the Register of Actions for Case No. 2009-CA-000528 ("State Foreclosure Case Docket"),[8] the State Court Foreclosure Proceeding was commenced by Chase on February 24, 2009, more than fourteen months before the Beepots brought the instant action.[9] On April 30, 2009, Chase filed a motion for summary judgment to foreclose on the Beepots' property, which the State Circuit Court granted, entering a Final Summary Judgment of Foreclosure in favor of Chase and against the Beepots. Id. (06/02/2009 Final Disposition Form); (Doc. 13-1; Foreclosure Judgment). In doing so, the State Circuit Court determined that "[t]he Mortgage sued upon . . . constitutes a valid lien upon the property . . . and the Mortgage is in default as alleged in the Complaint." Foreclosure Judgment at 2-3

---

[7](...continued)

201(b). Thus, the Court takes judicial notice of those documents that were filed in the State Court Forecloser Proceedings as they are"central" to Plaintiffs' claims. See SFM Holdings, 600 F.3d at 1337. See Horne, 392 F. App'x at 802 (holding that district court properly took judicial notice of documents in plaintiff's first discrimination case and affirming dismissal of the complaint based on res judicata); Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53-54 (11th Cir. 2006)(district court could take judicial notice of complaint filed in the Southern District of New York without converting motion to dismiss into a motion for summary judgment); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1279-80 (11th Cir. 1999)(court at motion to dismiss stage was authorized to take judicial notice of relevant public record documents required to be filed with the SEC); Redner v. Citrus County, Fla., 919 F.2d 646, 651 n.14 (11th Cir. 1990)(in considering the applicability of Younger v. Harris, 401 U.S. 37 (1971)("Younger abstention"), court would take judicial notice of outcome of state criminal proceedings); Dean v. Wells Fargo Mortgage, No. 2:10-cv-564-FtM-29SPC, 2011 WL 1515106 (M.D. Fla. April 21, 2011)(court would take judicial notice of prior state court foreclosure proceedings); Sergeon v. Home Loan Center, Inc., No. 3:09-CV-01113-J-32JBT, 2010 WL 5662930, at *1 n.5 (M.D. Fla. Oct. 26, 2010)(court took judicial notice of state court public records in determining whether Younger abstention applied), adopted, 2011 WL 308176 (M.D. Fla. Jan. 27, 2011); Hammond v. Anderson, No. 8:10-CV-1557-T-30EAJ, 2010 WL 2836716, at *2 n.1 (M.D. Fla. July 19, 2010)(court takes judicial notice of state court clerk's Internet website to determine that state court proceedings are currently pending in considering applicability of Younger abstention); York v. Hoskins, No. 8:08-cv-106-T-24TGW, 2008 WL 784999, at *2 (M.D. Fla. March 20, 2008)(in finding Younger abstention applies, court takes judicial notice of state court clerk's online docket which shows that state criminal proceeding is pending).

[8]     See Clay County, Florida Clerk of Courts Website, available at http://clayclerk.com/OdysseyPA/CaseDetail.aspx?CaseID=1138413 (last visited September 28, 2011).

[9]     The parties have not provided the Court with a copy of the Complaint in the State Court Foreclosure Proceeding. However, the parties' arguments and assertions reflect that they agree that the State Court Foreclosure Proceeding involves the same loan and the same real property as are at issue in the instant case.

(noting that the subject property is described by the site address 2420 Daniels Landing, Orange Park, Florida). The Foreclosure Judgment listed the principal due on the note and mortgage as being $760,000.00, and after adding interest, late charges, costs, and attorney's fees, the "Judgment Grand Total" was $802,019.81. Id. at 2-3. The foreclosure sale of the property appears to have been set for August 28, 2009. See State Foreclosure Case Docket.

The State Foreclosure Case Docket reflects that on July 2, 2009, the Beepots filed a Motion for Relief from Summary Judgment in the State Court Foreclosure Proceeding, and the Foreclosure Sale was cancelled. See Id. A Motion for Relief from Summary Judgment also appears on the State Foreclosure Case Docket on March 19, 2010. Id.; (Doc.13-2; Motion for Relief from State Judgment). The Beepots argued that the Foreclosure Judgment should be set aside "based on the discovery of new evidence," and alleged that Chase "forged . . . Alonzo Beepots' [sic] signature in paperwork associated with the mortgage transaction." Motion for Relief From State Judgment at 1. The Beepots argued that Chase "failed to furnish copies of the rights of resession [sic] to [the Beepots], failed to provide statements of the maximum monthly payments on the mortgage transaction, failed to provide Plaintiffs with all applicable Truth in Lending disclosure statements, failed to provide [the Beepots] with correct HUD-1 statements and extended credit without regard to the payment ability of the borrower." Id. at 2. The Beepots alleged that Chase violated specific provisions of TILA and of RESPA, and "breached the fiduciary duty owed" to the Beepots, and "an implied contractual covenant of good faith and fair dealing." Id. The State Circuit Court scheduled a hearing on the Motion for Relief from State Judgment for September 21, 2010.

-11-

See State Foreclosure Case Docket. In an Order dated September 22, 2010, the State Circuit Court judge granted the Beepots' Motion for Relief from State Judgment, and set aside the June 2, 2009 Foreclosure Judgment "based upon the grounds stated for relief" in the Beepots' Motion for Relief from State Judgment. The State Circuit Court noted that counsel for the Beepots appeared at the scheduled hearing, and that counsel for Chase did not appear.[10] (Doc. 13-3; Order Granting Relief from State Judgment). According to the State Foreclosure Case Docket, the State Court Foreclosure Proceeding remains pending.

## C.    The Report and Recommendation

Reviewing the procedural background, the Magistrate Judge determined that the pending motions could be decided under Rule 12(b)(6) which addresses motions to dismiss for failure to state a claim upon which relief can be granted. Report at 7-9. Focusing on Defendant's Supplemental Motion to Dismiss, the Magistrate Judge found that "this case is subject to dismissal without prejudice to the Beepots seeking relief in the state foreclosure action, irrespective of the precise nature of the mortgage transaction in dispute." Id. at 12-13. The Magistrate Judge first determined that the Court should dismiss this proceeding pursuant to the teachings of Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976)("Colorado River"). Id. at 13-18. In doing so, the Magistrate Judge concluded that "there are 'exceptional circumstances' that warrant dismissal of the present action without prejudice to the Beepots seeking relief in their ongoing state foreclosure case," id. at 18, and recommended that the instant case be dismissed, or alternatively stayed, on this basis. Id. at 18, 21. Additionally, the Magistrate Judge found that the Beepots' claims brought in the

---

[10]   Chase is represented by different counsel in the instant case.

instant case "fall within the ambit of Florida's compulsory counterclaims," id. at 19, because "[t]he same operative facts serve as the basis of both claims and the logical relationship between them is established." Id. at 20-21.

### D. The Beepots' Objections to the Report and Recommendation

The Beepots raise four objections to the Report. First, they contend that the Magistrate Judge "erred" in concluding that their claims here are compulsory counterclaims in the State Court Foreclosure Proceeding, and in recommending that Defendant's Supplemental Motion to Dismiss "be granted without prejudice." Plaintiffs' Objections at 1. Second, Plaintiffs take issue with the Magistrate Judge's recommendation that Plaintiffs' Motion for Summary Judgment be deemed moot. The Beepots argue that their Motion for Summary Judgment should be granted "as there is sufficient evidence [Chase] has violated multiple federal laws and acts designed to protect consumers."[11] Id. at 1, 3-4. In their third and fourth objections, the Beepots object to the reference, in the Report, to Chase as a "receiver," with regard to the loan, and to the Report's "[c]alling the contract between [Chase] and the Beepots a mortgage loan transaction and saying the house was purchased in August of 2007." Id. at 2, 4-6. The Beepots did not address the Magistrate Judge's recommendation that the Court abstain from proceeding with this action pursuant to the Colorado River abstention doctrine.

In response, Chase argues in favor of the Magistrate Judge's recommendation that the Beepots' claims are compulsory counterclaims, and alternatively, that this Court should

---

[11] Plaintiffs also contend that the Magistrate Judge erred in determining that there is an issue of fact whether the loan in question "is a residential loan or a refinance loan." Plaintiffs' Objections at 2.

abstain from proceeding in the instant action under <u>Colorado River</u>.  Defendant's Response

to Plaintiffs' Objections at 6-10.  Chase urges that the Beepots' argument regarding their

Motion for Summary Judgment be stricken, and counters the Beepots' terminology

arguments by noting that "nowhere in the Magistrate's Report and Recommendation is Chase

determined to be a 'receiver,'" and that the characterization of the loan as a residential

mortgage transaction instead of a refinancing loan "is not pertinent to the <u>Colorado River</u>

analysis." <u>Id.</u> at 10-11.

## III.  <u>Discussion</u>

Reviewing the Magistrate Judge's legal determinations <u>de novo</u>, the Court adopts the

Report in part, as to its <u>Colorado River</u> abstention analysis, and the recommendation that this

case be stayed pending resolution of the concurrent State Court Foreclosure Proceeding.

<u>See</u> Report at 13-18, 21-22.  "<u>Colorado River</u> addresses the circumstances in which federal

courts should abstain from exercising their jurisdiction because a parallel lawsuit is

proceeding in one or more state courts." <u>Ambrosia Coal and Constr. Co. v. Pagés Morales</u>,

368 F.3d 1320, 1327 (11th Cir. 2004).  "'Generally, as between state and federal courts, the

rule is that the pendency of an action in the state court is no bar to proceedings concerning

the same matter in the [f]ederal court having jurisdiction,' . . . [and] [f]ederal courts have a

'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" <u>Ambrosia Coal</u>,

368 F.3d at 1328 (quoting <u>Colorado River</u>, 424 U.S. at 817)(marks and citations omitted). As

such, "federal courts can abstain to avoid duplicative litigation with state courts only in

'exceptional' circumstances." <u>Id.</u> (quoting <u>Colorado River</u> 424 U.S. at 818).  This is based

upon the need for "'(w)ise judicial administration, giving regard to conservation of judicial

resources and comprehensive disposition of litigation.'" Colorado River, 424 U.S. at 818 (citation omitted); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983); Moorer v. Demopolis Waterworks and Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004).

As a threshold matter, the Colorado River analysis is applicable "when federal and state proceedings involve substantially the same parties and substantially the same issues." Ambrosia Coal, 368 F.3d at 1330. Here, as noted by the Magistrate Judge, the state and federal proceedings are parallel, involving the same parties, the same loan, and the same property. Indeed, the issues presented in the instant case are "inextricably intertwined" with the issues in the State Court Foreclosure Proceeding. See Parker v. Potter, 368 F. App'x 945, 948 (11th Cir. 2010)(applying Rooker-Feldman doctrine to bar federal suit seeking rescission of mortgage transaction under TILA after state court had granted final judgment in foreclosure[12]), cert. denied, 131 S.Ct. 899 (2011); Velardo v. Fremont Inv. & Loan, 298 F. App'x 890 (11th Cir. 2008)(borrowers' federal TILA claims against commercial lender stemming from default of refinanced home mortgage are inextricably intertwined with those litigated in state court foreclosure action such that Rooker-Feldman abstention doctrine applied to federal claim); Harper v. Chase Manhattan Bank, 138 F. App'x 130, 133 (11th Cir. 2005)(mortgagor's federal statutory claims, including TILA and FDCPA claims were barred under the Rooker-Feldman abstention doctrine because they were inextricably intertwined

_____

[12] "Under the Rooker-Feldman abstention doctrine, '[i]t is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." Velardo v. Fremont Inv. & Loan, 298 F. App'x 890, 892 (11th Cir. 2008)(quoting Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997)); see generally Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

with an earlier foreclosure proceeding in state court and mortgagor could have raise these claims in the state court). Indeed, the majority of the claims raised in the instant action were raised by the Beepots as grounds to set aside the summary judgment in the State Court Foreclosure Proceeding. See Report at 15; Motion for Relief from State Judgment.

Once the threshold is met, the Eleventh Circuit has recognized six factors "that must be weighed in analyzing the permissibility of [Colorado River] abstention." Ambrosia Coal, 368 F.3d at 1331. These six factors are:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

Id.; see also Moses H. Cone, 460 U.S. at 15-16; Colorado River, 424 U.S. at 818-19; Transouth Fin. Corp. v. Bell, 149 F.3d 1292, 1294-95 (11th Cir. 1998); Am. Bankers Ins. Co. of Fla. v. First State Ins. Co., 891 F.2d 882, 884 (11th Cir. 1990). In addition, the Eleventh Circuit noted two policy considerations that may influence whether a Colorado River abstention is appropriate: (1) whether the litigation is "'vexatious or reactive in nature,'" Ambrosia Coal, 368 F.3d at 1331 (citing Moses H. Cone, 460 U.S. at 17 n.20), and (2) whether the concurrent cases involve a federal statute that evinces a policy favoring abstention. Id. (citing Colorado River, 424 U.S. at 819). The Court must carefully balance these six factors to determine whether "exceptional circumstances" justifying a stay exist. See Amer. Bankers Ins. Co., 891 F.2d at 884. "The weight to be given any one factor may vary greatly depending on the case; however, the balance is 'heavily weighted' in favor of the federal court exercising jurisdiction." Id. (citing Moses H. Cone, 460 U.S. at 16).

Colorado River abstention is entirely appropriate in this case. See CCB, LLC v. BankTrust, No. 11-11459, 2011 WL 3684518 (11th Cir. Aug. 23, 2011); Carson v. Wells Fargo Bank, N.A., No. 8:10-CV-2362-T17-EAJ, 2011 WL 2470099, at *5-6 (M.D. Fla. June 20, 2011); Preston v. Fishman, No. 8:10-cv-2300-T-23TBM, 2011 WL 129843 (M.D. Fla. Jan. 14, 2011); Sergeon v. Home Loan Center, Inc., No. 3:09-CV-01113-J-32JBT, 2010 WL 5662930, at *4-8 (M.D.Fla. Oct. 26, 2010), adopted 2011 WL 308176, at *1 (M.D. Fla. Jan. 27, 2011); but see Paschette v. Wells Fargo Bank, N.A., No. 6:11-cv-442-Orl-31GJK, 2011 WL 2470314, at *1, 3 (M.D. Fla. June 21, 2011)(issues not substantially the same where state court action is primarily concerned with the right to foreclose the mortgage and possess the mortgaged property and the federal TILA and RESPA claims relate to the debtor's letter requesting identification of the current owner of the note and mortgage). Indeed, a review of the Colorado River factors demonstrates that all weigh in favor of abstention. Most significantly, the Florida court in the State Court Foreclosure Proceeding has assumed jurisdiction of the Florida property, satisfying the first, and in this case, the most important factor. In Colorado River, the Supreme Court recognized that: "[i]t has been held . . . that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." Colorado River, 424 U.S. at 818; see also Ambrosia Coal, 368 F.3d at 1328. While the Court declines to adopt the Report's legal holding that "[i]n this federal case there is no jurisdiction over the res," Report at 15, as being unnecessary to the Colorado River

analysis, the Court does nonetheless agree that the fact that the State Court Foreclosure Proceeding concerns Florida real estate weighs most heavily in favor of abstention here.[13]

The convenience of the forum, the second Colorado River factor, appears to be neutral. "When the federal and state courts are located in the same geographical area, courts routinely deem this factor to be neutral." Rambaran v. Park Square Enter., Inc., No. 6:08-cv-247-Orl-19GJK, 2008 WL 4371356, at *4 (M.D. Fla. Sept. 22, 2008); see also Johnson & Johnson Vision Care, Inc. v. Kenneth Crosby New York, LLC, No. 3:09-cv-874-J-34MCR, 2010 WL 1030121, at *4 (M.D. Fla. March 17, 2010).

The potential for piecemeal litigation, the third Colorado River factor, however, weighs significantly in favor of abstention. See Report at 16-17. Should both actions proceed independently, there is a risk of inconsistent results, which would throw the ownership of the subject property in turmoil, and lead to an "abnormally excessive or deleterious" result. See Ambrosia Coal, 368 F.3d at 1333; see generally Colorado River. 424 U.S. at 819 (recognizing "the rule requiring that jurisdiction be yielded to the court first acquiring control of property, for the concern in such instances is with avoiding the generation of additional litigation through permitting inconsistent dispositions of property"). Moreover, a state court adjudication of the State Court Foreclosure Proceeding creates a strong possibility that the state court's findings would have a preclusive effect on this case. Thus, staying this case will

---

[13] Under Florida's "local action rule" governing subject matter jurisdiction, a foreclosure action, characterized as a "suit primarily seeking transfer of title to real property is considered quasi in rem and is required to be brought in the county were the land is situated." Floridian Community Bank v. Bloom, 25 So.3d 43, 45 (Fla. 4th DCA 2009)(citing Ocean Bank v. State Dep't of Fin. Servs., 902 So.2d 833, 835 (Fla. 1st DCA 2005)).

reduce the cost of litigation, reduce duplicative proceedings, promote judicial economy, and avoid inconsistent results.

The fourth <u>Colorado River</u> factor, the order in which the respective courts assumed jurisdiction, also weighs in favor of abstention. <u>See</u> Report at 16. "[T]his factor 'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" <u>Ambrosia Coal</u>, 368 F.3d at 1333 (quoting <u>Moses H. Cone</u>, 460 U.S. at 21). The state court proceeding was filed more than a year before the instant case, and although the case has remained stalled for nearly a year, it has reached summary judgment phase. By contrast, Chase, the Defendant in the instant action, has not yet filed an answer to the Amended Complaint, discovery has not commenced, and deadlines have not yet been set pursuant to a case management and scheduling order.

The Magistrate Judge considered the fourth and fifth factors together, noting that while three of the Beepots eight claims are based upon federal statutes, the state court may consider the federal statutory claims as defenses or counterclaims to Chase's state foreclosure claim. Report at 17-18. "The core dispute is a mortgage foreclosure on residential real estate, a subject typically adjudged in the state court and governed by state law." <u>Preston</u>, 2011 WL 129843, at *2. Moreover, there has been no showing that the state court is not capable or adequate to protect the Beepots' rights, the sixth <u>Colorado River</u> factor. <u>See generally</u> <u>Harper</u>, 138 F. App'x at 133 (mortgagor had a reasonable opportunity to raise TILA, FDCPA and bad faith claims in state court foreclosure proceedings). Florida state courts routinely entertain federal statutory TILA, RESPA and FDCPA claims, and common law claims, as counterclaims or affirmative defenses in state foreclosure actions.

See Harper, 138 F. App'x at 133 n.2; Carson, 2011 WL 2470099, at *6; Alejandre v. Deutsche Bank Trust Co. Amer., 44 So.3d 1288, 1289 (Fla. 4th DCA 2010); Floridian Community Bank, Inc., 25 So.3d 43, 45 (Fla. 4th DCA 2009); Bank One, N.A. v. Harrod, 873 So.2d 519, 520 (Fla. 4th DCA 2004); Dailey v. Leshin, 792 So.2d 527 (Fla. 4th DCA 2001). Indeed, TILA provides for concurrent jurisdiction in the state and federal courts, 15 U.S.C. § 1640(e), evincing a policy favoring abstention. See Ambrosia Coal, 368 F.3d at 1331. Thus, the Beepots are free to assert the claims brought here as defenses or counterclaims in the State Court Foreclosure Proceeding.

A final concern identified in Moses H. Cone and Ambrosia Coal, the "vexatious or reactive nature" of the litigation, also weighs in favor of abstention. Although the Beepots maintain that their claims in this case involve the issuance of the loan, and thus are different from the State Court Foreclosure Proceeding lawsuit for non-payment of the loan, Plaintiffs' Second Response to Supplemental Motion to Dismiss at 2, 4-5; Plaintiffs' Objections at 3, their objective is to "enjoin or restrain" Chase from "dispossess[ing]" them of their home, Amended Complaint ¶ 45, and to stop the pending State Court Foreclosure Proceeding. See Report at 17 ("the Beepots are using this action either as a defense to the state foreclosure action or as an attempt to direct the outcome of the state case"). The Beepots allege that Chase breached the covenant of good faith and fair dealing by "attempt[ing] to foreclose upon property lawfully belonging to [the Beepots]," Amended Complaint ¶ 38, and seek a declaration of their rights "with regard to the mortgage loan transaction" and "the right of Defendant to foreclose on the property." Id. ¶¶ 48-51. In addition to damages and declaratory relief, the Beepots seek injunctive relief, "including the immediate issuance of a

temporary restraining order and thereafter a preliminary injunction to maintain the status quo pending adjudication." Id. at 12. The bottom line is that the Beepots seek to use the instant litigation to "retain possessory interest in their house while Defendant [Chase] has no further claim." Plaintiffs' Objections at 4. It is evident that, the Beepots, with this later-filed federal action, are attempting to thwart foreclosure of their home in the State Court Foreclosure Proceeding. While the Court is sympathetic to the Beepots' plight and that of so many homeowners in these difficult economic times, such a reactive use of the federal court is inappropriate, and weighs in favor of abstention. See Sergeon, 2010 WL 5662930, at *8.

Evaluating the Colorado River factors, the Court agrees that the state court's jurisdiction over the Florida property involved in this case, the likelihood of piecemeal litigation and the progress of the proceedings in state court, the adequacy of the state court to consider the Beepots' claims and protect their interests, and the reactive nature of this lawsuit all weigh in favor of abstention until the foreclosure action filed by Chase is resolved by the state court. See CCB, LLC, 2011 WL 3684518, at *1. As such, the appropriate action for this Court is to stay the instant litigation, in deference to the parallel State Court Foreclosure Proceeding. Moorer, 374 F.3d at 998; Johnson & Johnson Vision Care, Inc., 2011 WL 1030121, at *2.

In light of the above determination, the Court finds that it is unnecessary to reach the question of whether the Beepots' claims are compulsory counterclaims which must be asserted in the parallel State Court Foreclosure Proceeding. It is sufficient for abstention purposes that the Beepots' claims brought here may be asserted in the pending State Court Foreclosure Proceeding as counterclaims or affirmative defenses. See Parker, 368 F. App'x

at 948; Harper, 138 F. App'x at 133.  Accordingly, the Court declines to adopt the portion of

the Report pertaining to compulsory counterclaims, Report at 18–21 (Section II.C),[14] and

rejects Plaintiffs' objection to that recommendation as moot.[15]

Additionally, inasmuch as the Court has determined, based upon "considerations of

'wise judicial administration, giving regard to conservation of judicial resources and

---

[14]    The Court further declines to adopt the Report's analysis, see Report at 10-12, of the case In re Tomasevic, 275 B.R. 86 (M.D. Fla. 2001), which was cited by Plaintiffs as support for their argument that their claims do not qualify as compulsory counterclaims in the State Court Foreclosure Proceeding. See Plaintiffs' First Response to Supplemental Motion to Dismiss at 3; Plaintiffs' Second Response to Supplemental Motion to Dismiss at 3.  The bankruptcy court in Tomasevic held that a foreclosure judgment was res judicata and a bar to recovery of the debtor's claims arising from violations of section 121 of TILA, 15 U.S.C. § 1631, pertaining to the debtor's allegations that the bank did not  provide a full and meaningful disclosure of the terms of the mortgage loan, because the TILA section 121 claim was a compulsory counterclaim to the bank's foreclosure action on the underlying debt.  In re Tomasevic, 275 B.R. at 95, 100-101.  The same court, however, held that the foreclosure judgment was not a bar to the debtor's claim arising from violations of section 125 of TILA, 15 U.S.C. § 1635, in which the debtor contended that the bank failed to provide notice of the debtor's rescission rights, because "the Section 125 claim goes to the making of the loan, rather than a dispute as to the obligations under the loan as was the issue in the state court foreclosure action."  Id. at 95, 101.  The Tomasevic court held, however, that the debtor's section 125 claim failed because section 125 specifically exempted a residential mortgage transaction.  Id. at 101.  Thus, while the court's determination that res judicata did not bar the section 125 claim is arguably dicta, Plaintiffs, who are alleging a section 125 TILA claim here, see Amended Complaint ¶ 17.a, accurately cited the Tomasevic section 125 res judicata discussion.  The Tomasevic "split decision" has since been cited as instructing that "the focus must be on the substance of the Debtor's TILA claims to determine which of those claims, if any, are subject to the res judicata effect of the Funding Foreclosure Judgment."  In re Daniels, 350 B.R. 619, 624 (S.D. Fla. 2006).

[15]    The Court is baffled by Plaintiffs' representation that the case "James D. Hinson Elec. Contracting Co. v. Bellsouth Telecomms., Inc. , 642 F. Supp.2d 1318, 2008 WL 360803 (M.D. Fla. 2010) found that even though a TILA claim and a debt claim arise from the same loan document and same set of dealings, they are not compulsory."  Plaintiffs' Second Response to Supplemental Motion to Dismiss at 4-5.  The cited Hinson case has nothing to do with TILA or debts, but rather involves Florida's Underground Facility Damage Prevention and Safety Act, Fla. Stat. § 556.101 et seq.  See James D. Hinson Elec. Contracting Co. v. Bellsouth Telecomm., Inc., 642 F. Supp.2d 1318 (M.D. Fla. 2009); James D. Hinson Elec. Contracting Co. v. Bellsouth Telecomm., Inc., No. 3:07-cv-598-J-32MCR, 2008 WL 360803 (M.D. Fla. Feb. 8, 2008).  The only discussion of counterclaims is found in a third Hinson decision.  James D. Hinson Elec. Contracting Co. v. Bellsouth Telecomm., Inc., No. 3:07-cv-598-J-32MCR. 2011 WL 2448911 (M.D. Fla. March 28, 2011).  There, the Court observed that the case Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1363-64 (5th Cir. 1979), which remains binding precedent in this Circuit, see Heaven v. Trust Co. Bank, 118 F.3d 735, 738 (11th Cir. 1997), held that in a TILA action, the lender's counterclaim for an unpaid balance on the underlying debt is a compulsory counterclaim. Hinson, 2011 WL 2448911, at *4 (citing Plant, 598 F.2d at 1363-64).  Not only do Plaintiffs provide the Court with an incorrect citation to the Hinson decision, but they incorrectly represent what the Hinson decision says.  The Court reminds Plaintiffs' counsel of the duty of candor to the Court as to the holdings of cited legal authority.

-22-

comprehensive disposition of litigation,'" Colorado River, 424 U.S. at 817 (internal quotations and citations omitted), the Court declines at this time to reach the merits of the underlying claims raised by Defendant's First Motion to Dismiss, and Plaintiffs' Motion for Summary Judgment. "If a court states that abstention is appropriate in a case, it should not then adjudicate the case on its merits," by considering a motion to dismiss brought pursuant to Rule 12(b)(6), or a motion for summary judgment under Rule 56. Stone v. Wall, 135 F.3d 1438,1441 n.3 (11th Cir. 1998); see generally News-Journal Corp. v. Foxman, 939 F.2d 1499, 1511 (11th Cir. 1991)("[a]ny substantive commentary and analysis is inconsistent with abstention . . . "); Doby v. Strength, 758 F.2d 1405, 1406 (11th Cir. 1985)(holding that district court should abstain from considering the merits of plaintiff's 42 U.S.C. § 1983 action seeking monetary relief for alleged fourth amendment violation until state court proceedings are complete); Fountain v. Metro. Atlanta Rapid Transit Auth., 678 F.2d 1038, 1046 (11th Cir. 1982)(abstention from considering the merits of plaintiff's civil rights complaint was warranted pending resolution of a parallel state court inverse condemnation claim; district court to abstain, retaining jurisdiction, "until it becomes apparent that [plaintiff] cannot obtain an adjudication on the merits of his claims in state court").

For this reason, the Court will deny without prejudice Defendant's First Motion to Dismiss, and Plaintiffs' Motion for Summary Judgment. In this regard, the Court declines to adopt those portions of the Report relating to the merits of the claims, including the Standard of Review, Report at 7-9 (Section II.A),[16] and discussion concerning the nature of the loan

---

[16] Abstention may be raised by the Court sua sponte. Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976); Sergeon, 2010 WL 5662930, at *1 n.2; Mancilla-Coello v. McIntosh, No. 6:07-cv-1446-Orl-19UAM, 2007 WL 4115293, at *1 (M.D. Fla. Nov. 16, 2007).

at issue and application of TILA to the loan.  Id. at 12.  The Court rejects as moot the Beepots' second and fourth objections to the Report regarding their Motion for Summary Judgment, and the nature of the loan, Plaintiffs' Objections at 3-4, 5-6, as these objections raise arguments directed to the merits of their claims.[17]  Finally, the Court rejects the Beepots' third objection to the Report in which they contend that the Magistrate Judge incorrectly referred to Defendant Chase as a "receiver."  Id. at 5.  This assertion is incorrect.  The Report states that "Chase presents itself in this action as 'acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as Receiver."  Report at 3 n.4 (citing Defendants' Supplemental Motion to Dismiss at 1).  No where does the Report state that Chase is acting as a "receiver" relevant to these proceedings.

For the foregoing reasons, it is hereby

**ORDERED**:

1.      The objections set forth in Plaintiffs' Objections to Magistrate Judge's Report and Recommendations (Doc. 41) are **OVERRULED**.

---

[17]   The Court notes that any confusion concerning the nature of the loan at issue was brought on by the Plaintiffs themselves.  They allege in their Amended Complaint that Chase "serviced Plaintiffs' mortgage loan."  Amended Complaint ¶ 2.  It was not until their Motion for Summary Judgment, filed more than a year after the Amended Complaint, that they assert that the loan was to refinance their home mortgage.  What is important at this juncture is that the parties do not dispute that the loan at issue in the Beepots' claims in the instant case is the same loan that Chase seeks to foreclose on in the State Court Foreclosure Proceeding.  Thus, the nature of the loan, that is, whether it is a residential mortgage loan or a refinancing loan, is not pertinent to the Court's consideration of the Colorado River abstention doctrine.

2.     The Magistrate Judge's Report and Recommendation (Doc. 33) is **ADOPTED IN PART** to the extent that the Court adopts the Magistrate Judge's recommendation that this case be stayed pursuant to the Colorado River abstention doctrine.

3.     J.P. Morgan Chase National Corporate Services, Inc.'s Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement and Memorandum of Law (Doc. 11) is **DENIED WITHOUT PREJUDICE**.

4.     J.P. Morgan Chase National Corporate Services, Inc.'s Motion to Supplement to and/or Motion to Amend Defendant's Motion to Dismiss, and Supporting Memorandum of Law (Doc. 13) is **GRANTED IN PART**, consistent with this Order.

5.     Plaintiff's [sic] Memorandum of Law Requesting a 56(a) Motion for Summary Judgment (Doc. 28) is **DENIED WITHOUT PREJUDICE**.

6.     This action is **STAYED** pending resolution of the concurrent State Court Foreclosure Proceeding.

7.     Ninety days from the date of this Order, and every ninety days thereafter, the Parties shall file a joint status report with the Court to advise the Court of the status of the State Court Foreclosure Proceeding.[18]

---

[18]   Should circumstances in the State Court Foreclosure Proceeding warrant such action, the Court will entertain a motion by either party to lift the stay and proceed to the merits of this action.

8. The Clerk of the Court is directed to terminate all pending motions and administratively close this case pending further Order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of September, 2011.

MARCIA MORALES HOWARD
United States District Judge

lc12
Copies to:

Counsel of record